## IN THE UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. ANNETTE STAPP, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-09-952-M |
| | ) | |
| 2. DOUGLAS P. BEALL, M.D., an individual | ) | |
| in his individual capacity; | ) | |
| 3. DOUGLAS P. BEALL, M.D., P.C., an | ) | |
| Oklahoma corporation; | ) | |
| 4. MUSCULOSKELETAL IMAGING | ) | |
| and INTERVENTIONAL, L.L.C., | ) | |
| a domestic limited liability company; and, | ) | |
| 5. CLINICAL RADIOLOGY of OKLAHOMA, | ) | |
| P.L.L.C., a domestic professional limited | ) | |
| liability company. | ) | |
| | ) | |
| Defendants. | ) | |

## **PROTECTIVE ORDER**

Pursuant to Fed. R. Civ. P. 26 and plaintiff's motion, it is hereby ORDERED that information, testimony and documentation of whatsoever nature regarding the following topics will be subject to this Order:

1. Personal life issues including but not limited to intimate relationships and encounters between the parties, between any party and any other person or relations between others who might be described in the testimony of any party or witness.

2. Financial records of billings, costs, payroll, receipts, accounts receivable, accounts payable, income, personal income, personal expenses, personal banking, annual tax returns and schedules, annual statements, quarterly statements and correspondence to or from, or conversations with, any consultant, agent or contractor dealing with such matters.

3. Any and all records, documentation, material, testimony, or electronic record of any discipline, criticism, evaluation, investigation or corrective or remedial action taken by anyone or any entity regarding conduct by any party or witness.

4. Communications of any kind between any party and any client of any kind.

With respect to the above described categories of information and documentation, it is Ordered as follows:

A. Any such information, documentation or testimony shall be used solely for the purpose of this litigation and shall not be given, shown, made available, discussed or otherwise communicated in any form to anyone other than:

    1. Attorneys for the parties in this litigation and their employees;

    2. The parties in this litigation and their insurers, if any;

    3. The Court and any employees of the Court designated by the Court; and

    4. Relevant witnesses.

It shall be the responsibility of the parties to designate clearly any information, documentation or material produced subject to this Order as such. It shall be the responsibility of counsel receiving information so designated to bring this Order to the attention of all persons to whom they disclose such documents, or information contained therein, and such persons are bound by the terms hereof.

B. Any document (including briefs, depositions and exhibits) containing any such documents, information or testimony shall be filed with the Clerk of the Court under seal and marked with a legend substantially as follows:

**"Confidential: Subject to Court Order Entered on _____"**

No one other than persons described in subparagraphs (1) through (4) of paragraph A shall have access to such material.

C. Either Defendants or Plaintiff may, after consultation, apply to the Court for modification of or an exception to this Order.

D. This Order shall govern all pretrial proceedings and remain in effect unless and until it is superseded by further Order of this Court. By seeking this Order, or by not opposing it, the parties are not waiving any claims or objections concerning use of the subject information or documentation at trial whether in documentary form or by testimony about it. Issues of use or admissibility at trial will be addressed by motions in limine.

**IT IS SO ORDERED this 15th day of January, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE